UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LENISE COOK,

    Plaintiff,

v.                                     Civil Case No. 13-14951
                                      Honorable Patrick J. Duggan

SINAI GRACE HOSPITAL
REGISTRATION/MEDICAL
RECORDS DEPARTMENT,

    Defendant.
_____/

## OPINION AND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff filed this *pro se* action against Defendant on December 4, 2013. Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127

S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

Federal Rule of Civil Procedure 9(b) also requires that a party pleading fraud must do so with particularity. To satisfy this requirement, the Sixth Circuit "requir[es] a plaintiff, at a minimum, 'to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich.1992)).

Generally, a less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy the requirements of Rule 8 or 9.

Plaintiff's statement attached to her Complaint is difficult to decipher. She begins by stating that someone, perhaps one of Defendant's employees, released fraudulent information to the Social Security Administration. (ECF No. 1 at 5.) She also cites to the False Claims Act, 31 U.S.C. § 3729. However, she does not

appear to identify anywhere what fraudulent information was shared, when it was shared, or what injury was caused by the alleged misconduct. Further, to the extent she is attempting to bring a qui tam action under the False Claims Act, she cannot do so *pro se*. *See, e.g., United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004).

For these reasons, **within twenty one (21) days** of this Order, Plaintiff shall file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 9 or this action will be dismissed without prejudice.

**SO ORDERED**.

Date: December 12, 2013         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copy to:
Mary Lenise Cook
3240 W. Boston #103B
Detroit, MI 48206